Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Kelli E. Baker**
Debtor(s)

Bankruptcy Case No.: 17−20097−CMB
Issued Per June 21, 2018 Proceeding
Chapter: 13
Docket No.: 52 − 46, 47
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated May 8, 2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $1,279 as of July 2018. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H. Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

*(2.)*  **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:**

**A.**  **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**  **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**  **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**  **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**  **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: June 26, 2018

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                              United States Bankruptcy Court
                              Western District of Pennsylvania
In re:                                                                  Case No. 17-20097-CMB
Kelli E. Baker                                                          Chapter 13
          Debtor
                                      CERTIFICATE OF NOTICE
District/off: 0315-2          User: jhel                  Page 1 of 2              Date Rcvd: Jun 26, 2018
                              Form ID: 149                Total Noticed: 22


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 28, 2018.
db             +Kelli E. Baker,    43 E. Orchard Avenue,    Pittsburgh, PA 15202-1250
cr             +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                 Pittsburgh, PA 15233-1828
14347664       +Chase Card,    Attn: Correspondence,    Po Box 15298,    Wilmington, DE 19850-5298
14347665        Citibank / Sears,    Po Box 6282,   Sioux Falls, SD 57117-6282
14411393        Department Store National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
                 Kirkland, WA 98083-0657
14779183        GLHEC & Affiliates: GLHEGC, NELA, USAF,    PO Box 8961,    Madison WI 53708-8961
14654278       +Home Point Financial Corporation,    11511 Luna Road, Suite 300,    Farmers Branch, TX 75234-6022
14378114       +Stonegate Mortgage Coroporation,    P.O. Box 790309,    Payment Processing Center,
                 St. Louis, MD 63179-0309
14353020       +SunTrust Bank,   Attn: Support Services,    P.O. Box 85092,    Richmond, VA 23286-0001
14391269       +VW Credit Leasing, Ltd,    c/o VW Credit, Inc.,    PO Box 9013,    Addison, Texas 75001-9013
14347670       +Visa Dept Store National Bank,    Attn: Bankruptcy,    Po Box 8053,   Mason, OH 45040-8053

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14347663       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 27 2018 02:24:12      Capital One,
                 Po Box 30285,    Salt Lake City, UT 84130-0285
14347666        E-mail/Text: mrdiscen@discover.com Jun 27 2018 02:27:02      Discover Financial,   Po Box 30943,
                 Salt Lake City, UT 84130
14350815        E-mail/Text: mrdiscen@discover.com Jun 27 2018 02:27:02      Discover Bank,
                 Discover Products Inc,    PO Box 3025,   New Albany, OH 43054-3025
14421975       +E-mail/Text: kburkley@bernsteinlaw.com Jun 27 2018 02:28:24      Duquesne Light Company,
                 c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14371674        E-mail/PDF: pa_dc_claims@navient.com Jun 27 2018 02:23:48      NAVIENT SOLUTIONS,INC,
                 P.O. BOX 9640,    WILKES-BARRE, PA 18773-9640
14347667       +E-mail/PDF: pa_dc_claims@navient.com Jun 27 2018 02:24:19      Navient,   Attn: Claims Dept,
                 Po Box 9500,    Wilkes-Barr, PA 18773-9500
14361297        E-mail/PDF: pa_dc_litigation@navient.com Jun 27 2018 02:24:19
                 Navient Solutions, Inc. on behalf of    United Student Aid Funds, Inc.,
                 Attn: Bankruptcy Litigation Unit E3149,    PO Box 9430,   Wilkes Barre, PA 18773-9430
14423165        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 27 2018 02:23:46
                 Portfolio Recovery Associates, LLC,    POB 12914,   Norfolk VA 23541
14367995       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 27 2018 02:24:14
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14347668       +E-mail/Text: bankandforeclose@stonegatemtg.com Jun 27 2018 02:28:17      StoneGate Mortgage,
                 4849 Greenville Ave,    STE 800,   Dallas, TX 75206-4198
14347669       +E-mail/Text: bankruptcy@lightstream.com Jun 27 2018 02:28:34      Suntrust,
                 655 W Broadway Ste 1300,    San Diego, CA 92101-8490
                                                                                              TOTAL: 11

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Duquesne Light Company
cr              VW Credit Leasing, Ltd
14347662        Audi Financial,   P.O. Box 3
cr*            +Home Point Financial Corporation,    11511 Luna Road,   Suite 300,
                 Farmers Branch, TX 75234-6022
cr*            +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                TOTALS: 3, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 28, 2018                             Signature:   /s/Joseph Speetjens

```
District/off: 0315-2          User: jhel              Page 2 of 2              Date Rcvd: Jun 26, 2018
                              Form ID: 149            Total Noticed: 22
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 26, 2018 at the address(es) listed below:

```
              Bryan P. Keenan    on behalf of Debtor Kelli E. Baker keenan662@gmail.com,   melindap662@gmail.com
              James   Warmbrodt    on behalf of Creditor    VW Credit Leasing, Ltd bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
                                                                                               TOTAL: 6
```